813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
AGRISTOR CREDIT CORPORATION, a corporation, Appellant,
v.
Daniel Minchew and Shirley A. Coffield, individually and
formerly doing business as Esta Valley Farms, Appellees,
and
James O. Coffield, Sr. and Shirley F. Coffield, Defendants.
 No. 86-2013.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 19, 1986.
Decided Aug. 12, 1986.
 
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Lawrence S. Jacobs, Franklin & Jacobs, Chartered, for appellant.
 Daniel Minchew and Shirley A. Coffield, appellees pro se.
 PER CURIAM:
 
 
 1
 Appellant Agristor Credit Corporation (Agristor) appeals an order of the district court denying its motion for reconsideration under Fed.R.Civ.P. 60(b). We affirm.
 
 
 2
 Agristor obtained a judgment against appellees Daniel Minchew and Shirley Coffield in an Oregon district court on March 12, 1981. Agristor recorded the judgment in the Maryland district court pursuant to 28 U.S.C. Sec. 1963 in order to execute the judgment. On July 15, 1983, the parties entered into a stipulation under which Agristor agreed to stay execution of the judgment and the appellees agreed to make periodic payments. After making some payments the appellees discontinued making them, and Agristor moved to set aside the stay of execution. On October 15, 1984, the district court conditionally granted the motion provided Agristor's counsel sent the appellees a copy of the order granting the motion within seven days. Agristor's counsel did not send a copy of the order to the appellees until more than a month later.* Since the copy was sent late, the district court continued the stay of execution in effect.
 
 
 3
 Subsequently, in June 1985, Agristor moved again for an order to set aside the stay of execution. The district court denied this motion based on Agristor's failure to comply with the earlier order. In December 1985, Agristor filed a motion for reconsideration which the district court denied. This appeal followed.
 
 
 4
 Rule 60(b) motions are usually left to the sound discretion of the district court. 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2857 (1973). We find no abuse of discretion by the district court in this case. Agristor has cited no authority which compels a contrary result. Additionally, Agristor has not acted promptly in responding to court orders or filing new motions. Accordingly, we affirm the district court's denial of the motion for reconsideration. We note Agristor is not precluded from moving again for an order lifting the stay if it can demonstrate a sufficient reason. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Agristor's counsel maintained in his motion for reconsideration and an attached affidavit that he did not receive the court's order until November 19, 1984. He claims he sent a copy of the order to the appellees on November 23, 1984